## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYLER J. BRIDDICK,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-cv-1871-MAB** |
| **JOHN HOUSEMAN and JOHN DOE CHIEF ADMINISTRATIVE OFFICER,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Tyler J. Briddick, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center. In the Complaint, Briddick alleges that John Houseman used excessive force in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Briddick makes the following allegations: On February 27, 2023, Counselor John Houseman approached Briddick's cell in segregation and opened the chuckhole (Doc. 1, p. 6). Briddick alleges that Houseman was by himself, no security were present. Briddick also alleges that he was in an extreme mental state and was distraught due to the lack of his medications, including Lithium and Abilify (*Id.*). He was also upset about being placed on C-Grade and not being able to call his family members (*Id.*).

Briddick placed his arm through the chuckhole and asked Houseman for a crisis team and mental health staff (*Id.*). In response, Briddick says that Houseman grabbed his arm, twisted it, and repeatedly slammed his arm into the chuckhole (*Id.*). The use of force caused injury to Briddick's previously diagnosed right shoulder tear (*Id.*). After the assault, Briddick claims he was denied medical treatment and a crisis team (*Id.*). He has been left with physical scars and extreme anxiety (*Id.*).

## Preliminary Dismissals

Although Briddick identifies a John Doe Chief Administrative Officer and Warden as a defendant in the case caption, he fails to include any allegations against the warden in his statement of claim. He only alleges that Houseman used excessive force on him but fails to allege that the warden participated in the use of force or was aware of the force used against Briddick. Briddick also alleges that he was denied medical care and mental

2

health care after the use of force, but he fails to allege that he asked John Doe Warden for care or that the warden acted with deliberate indifference. Thus, any claim against John Doe Chief Administrative Officer and Warden is **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:**  **Eighth Amendment excessive force claim against John Houseman for his use of force against Briddick on February 27, 2023.**

**Count 2:**  **Eighth Amendment deliberate indifference claim against John Houseman for his refusal to obtain medical and mental health treatment for Briddick.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Briddick states a viable claim against Houseman for excessive use of force on February 27, 2023. Briddick alleges that he put his arm through the chuckhole and asked Houseman for a crisis team and mental health staff and that Houseman, in turn, twisted and hit his arm against the chuckhole. Such use of force could amount to

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

excessive force. *Washington v. Hively*, 695 F.3d 641, 642-643 (7th Cir. 2012); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Accordingly, Count 1 shall proceed against Houseman.

Briddick also adequately alleges in Count 2 that Houseman was deliberately indifferent to Briddick's need for medical and mental health treatment. Briddick alleges that he asked for mental health care from Houseman and Houseman responded by attacking Briddick. He further alleges that he never received care for his mental health or his injuries from the use of force. Thus, Count 2 shall proceed against Houseman.

Finally, the Court notes that in Briddick's request for relief, in addition to monetary damages, he seeks criminal charges against Houseman and a reduction in his own sentence. But neither is a proper request for relief under Section 1983. Briddick cannot use this lawsuit as a vehicle to commence criminal charges against an individual; rather, that power is reserved to the governmental entity tasked with investigating, charging, and prosecuting criminal cases (i.e., the state's attorney's office). *See generally Diamond v. Charles,* 476 U.S. 54, 64–65 (1986) (holding that private citizens cannot compel enforcement of criminal law). Neither can he seek release from prison through a Section 1983 lawsuit; instead, he would have to file a habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing Section 1983 claims that should have been brought as

petitions for writ of habeas corpus). But to the extent that he seeks monetary damages, his claims may proceed against Houseman.[3]

## Motion for Counsel

In Briddick's motion for counsel (Doc. 3) he notes that he has written several law firms that have declined to take his case. He also notes that he has some high school education but is not currently receiving his mental health medication making him incompetent. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[4] The case is in the early stages of the litigation process as Defendant Houseman has not yet been served or filed an Answer. Once Houseman files an Answer, the Court will enter a scheduling order with initial discovery deadlines, including deadlines related to the issue of whether Briddick exhausted his administrative issues. If Briddick experiences difficulties after the scheduling order is entered, he may renew his request for counsel at that time. For now, his request for counsel is **DENIED without prejudice**.

---

[3] To the extent Briddick seeks injunctive relief in the form of a transfer to another prison, his request is moot. He is no longer housed at Shawnee Correctional Center where the alleged use of force took place. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

[4] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

### Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against John Houseman. All other claims and defendants, including John Doe Chief Administrative Officer, are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant John Houseman: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Briddick. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Briddick, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Houseman is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section

1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

*Because Briddick's claims involve his medical and mental health care, the Clerk of Court is DIRECTED to enter the Court's standard HIPAA Qualified Protective Order.*

If judgment is rendered against Briddick, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Briddick is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: October 23, 2024

/s/ Mark A. Beatty
MARK A. BEATTY
United States Magistrate Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**