IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER BRIDDICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 3:24-CV-1871-MAB |
| | ) |
| JOHN HOUSEMAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion for summary judgment on the issue of exhaustion filed by Defendant John Houseman on April 23, 2025 (Doc. 28). Plaintiff Tyler Briddick did not file a response to the motion within the timeframe for doing so, nor has he sought leave to file an out-of-time response despite being given the opportunity to do so (*see* Doc. 31). For the reasons explained below, Defendant's motion (Doc. 28) is granted.

## BACKGROUND

Plaintiff Tyler Briddick, an inmate of the Illinois Department of Corrections, brought this civil action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center. He claims that on February 27, 2023, he was mentally struggling, and he put his arm in the chuckhole of his cell and asked Defendant John Houseman, a correctional counselor, for a crisis team (Doc. 14, p. 2; *see also* Doc. 1, p. 6). Houseman responded by grabbing Plaintiff's arm, twisting it, and repeatedly

slamming it into the chuckhole (Doc. 14, p. 2; *see also* Doc. 1, p. 6). Plaintiff never received care for his mental health or the injuries to his arm (Doc. 14, p. 2; *see also* Doc. 1, p. 6). Following a threshold review of the complaint, *see* 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on an Eighth Amendment excessive force claim (Count 1) and a deliberate indifference claim (Count 2) against Houseman (Doc. 14, pp. 3, 4).

Defendant Houseman filed his motion for summary judgment on the issue of exhaustion on April 23, 2025, arguing that Plaintiff did not fully exhaust a single grievance against him at any time between the date of the incident on February 27, 2023, and the date he filed this lawsuit on August 13, 2024 (Doc. 28). Plaintiff did not file a response within the allotted time for doing so. *See* SDIL-LR 7.1(b)(1) (allowing 30 days to respond to motion for summary judgment); FED. R. CIV. P. 6(d) (allowing three extra days when motion was served by mail). However, on January 12, 2026, Plaintiff filed a motion asking for a status update and explaining that he was having issues with the mail at Menard (Doc. 30). The Court entered an Order, explaining that Defendant Houseman's motion for summary judgment was under advisement and that it never received a response from Plaintiff (Doc. 31). The Court told Plaintiff that if he believed he should be allowed to submit a late response, he should file a motion by February 23, 2026, asking for permission to do so (*Id.*). To date, Plaintiff has not filed anything further with the Court.

### LEGAL STANDARD

Summary judgment is proper if the movant shows that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. FED. R. CIV.

P. 56(a). In deciding a motion for summary judgment, the court's task is to view the record and draw all reasonable inferences in the light most favorable to the non-moving party and decide if there is a genuine material dispute of fact. *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021); *Hansen v. Fincantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014). In instances like this, where "a nonmovant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment was proper given the undisputed facts,' with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

Normally on summary judgment, the court does not "weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the facts is most likely to be true." *Stewart*, 14 F.4th at 760. However, when the motion for summary judgment pertains to a prisoner's failure to exhaust, the Seventh Circuit has held that disputed factual questions can and should be resolved by the judge (rather than a jury) as a preliminary matter in an evidentiary hearing known as a "*Pavey* hearing." *Smallwood v. Williams*, 59 F.4th 306, 315 (7th Cir. 2023) (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). *Accord Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015); *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014). When a prisoner does not raise sufficient factual allegations to demonstrate a genuine dispute of material fact, then no evidentiary hearing is necessary. *Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) (citing *Smallwood*, 59 F.4th at 318). After reviewing Defendant's brief and the evidence in this case, which is uncontested by Plaintiff, the Court has determined that there are no genuine issues of

material fact and a hearing is not necessary.

<u>FACTS</u>

In this case, Plaintiff's failure to respond to Defendant's motion for summary judgment is deemed an admission that Defendant's version of the facts is true. SDIL-LR 56.1(g) ("All material facts set forth in a Statement of Material Facts . . . shall be deemed admitted for purposes of summary judgment unless specifically disputed."). The Court thus credits Defendant's uncontroverted facts so long as they are properly supported by evidence in the record. *See* FED. R. CIV. P. 56(e)(2); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations omitted).

According to grievance records from Shawnee and the ARB, Plaintiff filed four grievances in the time between the incident with Houseman on February 27, 2023, and the commencement of this lawsuit on August 13, 2024 (Doc. 28-1, para. 11; Doc. 28-3; Doc. 28-4; Doc. 28-5, para. 14; Doc. 28-6).

The first grievance, emergency grievance #2023-3-54, is dated March 9, 2023, and it is about a non-working shower at Shawnee and medical treatment for a rash on Plaintiff's feet (Doc. 28-4, pp. 1–2; *see also* Doc. 28-6, pp. 1, 5–8).

The second grievance, emergency grievance #2023-3-56, is dated February 28 but was signed on March 9, 2023; it is about being denied a bible while on crisis watch (Doc. 28-4, pp. 3–4; *see also* Doc. 28-6, pp. 1, 9–13).

The third grievance is dated March 19, 2023, but was signed on March 22, 2023, and filed directly with the ARB because it related to issues at Shawnee but was filed after Plaintiff had been transferred to Menard (Doc. 28-6, pp. 14–21). The grievance is about a

ticket Plaintiff received following an incident on March 19th where Plaintiff threw urine and feces out of his cell, the disciplinary proceedings, his transfer to Menard,[1] and his treatment in segregation at Menard (*Id.*).

The fourth grievance is dated January 17, 2024, and it seems to have been filed directly with the ARB (*see* Doc. 28-6, pp. 1, 2–4). The grievance is about Plaintiff's transfer to Menard, which he claims caused family grief and resulted in a loss of programs, extreme mental trauma, and lack of treatment for his mental and physical ailments (*Id.*).

## DISCUSSION

The Prison Litigation Reform Act provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). Exhaustion is an affirmative defense, which the defendants bear the burden of proving. *Pavey*, 663 F.3d at 903 (citations omitted). In order for a prisoner to properly exhaust his or her administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Failure to do so means failure to exhaust. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code to exhaust his claims. 20 ILL. ADMIN. CODE § 504.800, *et seq.* (2017). Grievances must be filed within 60 days of the incident giving rise

---

[1] Plaintiff was transferred from Shawnee to Menard on March 21, 2023 (Doc. 28-1, para. 14; Doc. 28-2, p. 7).

to the grievance, except if the inmate can demonstrate good cause for not filing it in a timely manner. *Id.* at 504.810(a). The standard grievance process requires the inmate to first submit their grievance to their counselor, then the grievance officer for a decision by the warden, and then an appeal to the Administrative Review Board ("ARB") for a final determination by the Director of the IDOC. *Id.* at §§ 504.810(a), 504.830(e), 504.850(a), (d), (e).

However, if the inmate designates the grievance as an emergency, it is submitted directly to the warden. 20 ILL. ADMIN. CODE § 504.840. If the warden finds that an emergency exists, then the grievance will be handled on an expedited basis by the grievance officer; the grievance bypasses the counselor entirely. *Id.* On the other hand, if the warden determines that the grievance should not be handled on an emergency basis, the inmate is notified and must resubmit the grievance through the standard grievance process. *Id.*

Finally, if the grievance pertains to disciplinary proceedings that occurred at, or other issues that pertain to, a facility other than the facility where the inmate is currently housed, then the inmate must submit the grievance directly to the ARB. 20 ILL. ADMIN. CODE § 504.870.

Here, the records in this case suggest that the grievance process was available to Plaintiff, and that he understood it, including how to submit emergency grievances, which grievances he needed to submit directly to the ARB, and all of the steps to fully exhaust a grievance. There is no evidence, however, that Plaintiff filed a grievance pertaining to the incident with Defendant Houseman on February 27, 2023. The only

grievances in the record are for wholly unrelated incidents and issues; Houseman is not named in any of them, nor do they describe any of the conduct that Plaintiff alleged in the complaint. These grievances, therefore, did not serve to put prison officials on notice of any purported problem with Houseman and thus cannot serve to exhaust Plaintiff's claim against him in this lawsuit. *See Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (noting that the purpose of exhaustion is to give "a prison 'notice of, and on opportunity to correct, a problem.'" (quoting *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013))). *See also* 20 Ill. Admin. Code § 504.810(c) (requiring that grievances "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint.").

### CONCLUSION

Defendant John Houseman's motion for summary judgment on the issue of exhaustion (Doc. 28) is **GRANTED.** This action is **DISMISSED without prejudice** due to Plaintiff's failure to exhaust. The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: March 24, 2026**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

## NOTICE

Plaintiff is advised that this is a final decision ending his case in this Court. If Plaintiff wishes to contest this decision, he can appeal to the Seventh Circuit by filing a notice of appeal in the district court *within 30 days* of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). This deadline can be briefly extended upon a motion demonstrating excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Plaintiff also has the option—prior to filing a notice of appeal—of filing a post-judgment motion under Rule 59(e) or Rule 60 asking the undersigned to reconsider the judgment. Any such motion, so long as it is in proper form and timely filed, will stop the clock for filing a notice of appeal until the district court has decided the motion. Fed. R. App. P. 4(a); *Robinson v. Sweeny*, 794 F.3d 782, 783 (7th Cir. 2015). To be "proper," the motion must state the grounds for relief from the adverse judgment. *Robinson*, 794 F.3d at 783.[2] To be timely, the motion must be filed within 28 days of the entry of judgment, and that deadline *cannot* be extended. Fed. R. App. P. 4(a)(4)(A)(iv), (vi); Fed. R. Civ. P. 59(b); Fed. R. Civ. P. 6(b)(2); *Banister v. Davis*, 590 U.S. 504, 507 (2020). Once the motion is ruled on, the 30-day clock to file a notice of appeal will begin anew. *Banister*, 590 U.S. at

---

[2] *Accord Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (motion will toll time to appeal so long as it contains an identifiable and substantive reason for reconsidering); *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) (in order to toll time for filing notice of appeal, motion must comply with Rule 7.1(b)(1) and "state with particularity the grounds for seeking the order" and "the relief sought").

508 (citing Fed. R. App. P. 4(a)(4)(A)(iv)).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. Fed. R. App. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).